# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-428V
#### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

RICHARD CHESTER,           \*       Special Master Corcoran

                                 \*

                                 \*       Filed: April 1, 2019

                   Petitioners,      \*

       v.                            \*       Petitioner's Motion for a Decision;

                                   \*       Dismissal of Petition; Vaccine

SECRETARY OF HEALTH          \*       Act; Denial Without Hearing.

AND HUMAN SERVICES,         \*

                                   \*

                   Respondent.      \*

                                   \*

* * * * * * * * * * * * * * * * * * * * * * * * *

*Shealene P. Mancuso*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Vo Johnson*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

       On March 22, 2018, Richard Chester filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the influenza ("flu") vaccine he received on October 18, 2016, caused him to experience a peripheral polyneuropathy. *See* Petition (ECF No. 1) at 1-3.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed the majority of his medical records at the time he filed the Petition. *See* ECF Nos. 4-15. Following two extensions of time, Respondent thereafter filed a Rule 4(c) Report on November 8, 2018, contesting Petitioner's right to damages (ECF No. 10). Additional medical records were obtained and filed thereafter from November 2018 to January 2019. *See* ECF Nos. 12-13. The Joint Statement of Completion was never filed.

I held a status conference with the parties on November 26, 2018, at which time I discussed the overall viability of Petitioner's claim, and proposed a deadline of February 8, 2019, for Petitioner to file an expert report in this matter. *See* Non-PDF Order, dated Nov. 26, 2018. Thereafter, Petitioner requested one extension of time (ECF No. 14) to the file the expert report which I granted, thereby extending Petitioner's expert report deadline to April 9, 2019. *See* Non-PDF Order, dated Feb. 7, 2019.

On April 1, 2019, Petitioner filed the present motion to dismiss (rather than the ordered expert report), indicating that in his view he would be unable to prove entitlement to compensation in this case based on an investigation of the facts and science supporting his claim. *See* Motion to Dismiss, dated Apr. 1, 2019 (ECF No. 15). Respondent has represented that he does not oppose the motion.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Mr. Chester suffered a Table injury. Furthermore, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Chester's alleged injury was caused by the flu vaccine he received.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master